TRIPPE, next friend, *v.* WINTER, trustee.

Where the prayer of one of several beneficiaries in a trust estate, for interlocutory relief, is not appropriate by reason of being too comprehensive, and the relief is denied, this court will not as a general rule reverse the judgment; but the present case being apparently meritorious as to some relief, leave is given to amend the bill and to make an application *de novo* to the circuit judge. In the meantime, the whole merits of the controversy are left open.

April 29, 1889.

Injunction.    Trusts.    Practice in Supreme Court. Amendment.    Before Judge MARSHALL J. CLARKE. Fulton superior court.    March term, 1889.

A bill was filed by Mrs. M. P. Trippe, a minor, by her husband, R. B. Trippe, as her next friend, against her father, J. L. Winter, as trustee, for injunction, account, receiver and general relief. There was a hearing before the chancellor upon the bill, the answer of the defendant, and affidavits submitted by both sides. It was ordered that the receiver and injunction be denied; and the case came to this court upon exceptions to that order, assigning error in the denial of injunction, and in the failure to put the defendant on terms by requiring him to give bond for the faithful execution of his trust, the complainant having insisted, at the hearing, on the court's doing one or the other of these things for her safety.

From the record it appears that, on July 14, 1877, J. L. Winter conveyed a house and lot to Wm. T. Winn, as trustee for J. L. Winter's wife, Mrs. L. S. Winter, and their children then in life or thereafter to be born, in trust for the sole benefit of Mrs. Winter for life and at her death to the children born and to be born of her and J. L. Winter; with power in the trustee to sell the property and reinvest the proceeds in other real estate, upon the written assent of Mrs. Winter, without any order therefor; also with power in Mrs. Winter to select another trustee, in case of the resignation of Winn, by writing, without any order of court. It is further stipulated that, in case Mrs. Winter should die before her youngest child shall have arrived at age, the property is to remain without distribution until the youngest child attains majority, " the true intent and meaning of this deed being, that the said property is hereby conveyed as a home for the said Lavinia S. and James L. Winter until the youngest child becomes of full age." Winn ceased to act as trustee, and defendant claims to have been appointed as such on April 22, 1878, and has been so acting. He and his family have been living on the property all the time. He made no

returns to the ordinary, and claims that he received no income from the property. Plaintiff is the youngest one of the children, and says that, under the deed, she is entitled to a home on the property until majority, but that when she married on March 28, 1888, she was required by her mother to leave there and live elsewhere. The defendant says that he knew not of her leaving home or of her marriage until both were done. It is admitted that there was objection to her living there with her husband and his family; but the defendant sets up that it was not intended by the trust deed that when any of the beneficiaries married, they should bring their families to live on the property, because if one had such right, so would the others have, and the house could not contain them all, and thus defendant's family would be broken up. On this subject, various and somewhat conflicting statements are made in the affidavits introduced. The plaintiff says that in equity, she ought to be allowed money in lieu of the home of which she is deprived, and asks for a suitable proportion of what the property would bring for rent.

Another point of contention is as to certain large amounts expended by defendant in improving the property, and for taxes, insurance, etc. The plaintiff apprehends that he will attempt to subject the property for the payment of these amounts. She shows that he recently conveyed other real estate, held upon similar trusts, to certain parties, and failed to reinvest the proceeds and to account for them. She claims to have owned a share therein. The defendant says that this sale was necessary in order to properly care for the home place, which was valuable and expensive; that after supporting his family, he was unable to keep up both pieces of property, and so, after consultation with the beneficiaries, most of whom were of age, it was decided to keep the home and sell the other property. He attaches itemized statements of amounts he paid

out during several years, and asks that the amount of excess over the proceeds of the sale of the property be adjudged to be a lien on the home place.

The complainant alleges insolvency of defendant as a ground for receiver. The defendant denies this allegation, and says he owns a $12,000 interest in real estate in New Orleans, as well as stocks, bonds and other personal securities of the value of $7,000. The parties are at issue also as to the necessity or propriety of the large expenditures made for improvement of the home, and as to whether the plaintiff was treated coldly and unkindly or otherwise after her marriage.

BROYLES & BROYLES, for plaintiff.

ARNOLD & ARNOLD, for defendant.

BLECKLEY, Chief Justice.

The plaintiff is one of several beneficiaries in a trust estate. Her petition is filed against the trustee, and prays, as interlocutory relief, for an injunction restraining him from selling, disposing of or in any manner encumbering the trust property; also that a receiver be appointed to take charge of and preserve the property. The other beneficiaries make no complaint, and seem content to allow the trustee to execute his office without interference by the court. The judge denied the specific interlocutory relief prayed for, and certainly was not bound to grant any other, though he might have had a discretion to do so. We think it probable that the case made might, under a proper prayer, entitle the complainant to have an injunction against a sale by the trustee of her interest in the property, unless security be given by him to account ultimately for her share of the proceeds; but we do not adjudicate this or any other question in the case, except that the court did not err in denying the injunction and receiver prayed for. Inasmuch as the trustee has not complied with the law in making returns, etc., we think

proper to direct that the complainant have leave to
amend her bill so as to reduce the range of the special
prayers as she may be advised, and thereupon to make an
application *de novo* for appropriate interlocutory relief.
In the meantime, the whole merits of the controversy
will stand open.                        *Judgment affirmed.*